UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CARLTON B. CHATMON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-85-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| P.A. WEST, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is pending for consideration of three motions filed by the plaintiff. [Record Nos. 16; 17; 18]  Plaintiff Chatmon is an inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky.  On May 17, 2016, he filed a *pro se* Complaint, alleging violations of his constitutional rights under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [Record Nos. 1; 1-1]  On July 20, 2016, the Court granted Chatmon's motion to proceed *in forma pauperis*, assessing an initial partial filing fee of $10.88 and subsequent monthly payments in the amount of 20% of the plaintiff's income for the preceding month, provided the amount in the account exceeds $10.00.  [Record No. 15, p. 2]

Chatmon has now filed a motion for waiver of fees, asserting that he should not be "required to prepay fees."  [Record No. 16, p. 1]  As grounds for the motion, he indicates that he only receives sufficient money to purchase hygiene products, stamps, and over-the-counter medications while incarcerated.  [*Id.*, p. 2]  He further claims that he does not have an institutional job.  [*Id.*]  To the extent the present motion is a duplicative motion for *pauper*

- 1 -

status, it will be denied, as moot.  To the extent the plaintiff is instead contending that he should not have to pay any filing fees due to his indigence, he is incorrect.  Under 28 U.S.C. § 1915(a), a court may authorize the prosecution of a civil or criminal suit without prepayment of fees by a person who submits appropriate documentation showing his inability to pay.  28 U.S.C. § 1915(a)(1).  However, that authorization is limited by subsection (b), which states that an inmate bringing a civil action "shall be required to pay the full amount of a filing fee" regardless of his *pauper* status.  28 U.S.C. § 1915(b)(1).  Under that subsection, the court assesses an initial partial filing fee of 20% of the inmate's average monthly deposits or average monthly account balance.  *Id.*  After the initial partial filing fee is collected, the court assesses monthly payments of 20% of the inmate's income for the preceding month, provided the account balance exceeds $10.00.  28 U.S.C. § 1915(b)(2).

Thus, contrary to Chatmon's assertion, "all prisoners are required to pay an initial partial filing fee" if funds exist.  *Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997).  They are also required to make subsequent partial payments subject to the terms outlined above.  *Id.*  This Court already determined that funds exist for the initial partial filing fee of $10.88.  [Record No. 15, p. 2]  For the following months, Chatmon will only be required to make payments if sufficient funds exist in his account.  Consequently, the plaintiff's motion to waive payment of any filing fees will be denied.

Chatmon has also filed a motion requesting production of documents under Rule 34 of the Federal Rules of Civil Procedure.  [Record No. 17]  Additionally, that motion seems to include interrogatories for the defendants.  [*Id.*]  However, that motion is premature because

the Court must first screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. If, after screening, the Court determines that an Answer is warranted, the defendants will be directed to respond to the Complaint.  Discovery would take place after the defendants' responsed, if appropriate.   However, motions seeking discovery are not necessary or appropriate at this stage of the proceeding.

Finally, Chatmon has filed a motion for leave to file an Amended Complaint, which includes allegations that the defendants are retaliating against him for filing the present action.  [Record No. 18]  However, a plaintiff seeking to amend the Complaint must attach a copy of the proposed Amended Complaint.  *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (citing *Shillman v. United States*, 221 F.3d 1336 (table), 2000 WL 923761, at *6 (6th Cir. 2000)).   Such a failure constitutes grounds for denying the motion to amend.  *See*, *e.g.*, *Clark v. Ohio Dep't of Youth Servs.*, No. 5:14-cv-2712, 2015 WL 4067316, *5 (N.D. Ohio Jul. 2, 2015); *Betts v. Tolkkiennen*, No. 2:13-cv-153, 2013 WL 6858466, *5 (W.D. Mich. Dec. 30, 2013); *Smith v. Lappin*, No. 08-CV-218-ART, 2009 WL 3161490, at *3 (E.D. Ky. Sept. 29, 2009).

Accordingly, it is hereby **ORDERED** as follows:

1.     Plaintiff Carlton Chatmon's motion for waiver of fees [Record No. 16] is **DENIED**.  To the extent Chatmon requests *pauper* status, the motion [Record No. 16] is **DENIED**, as moot.

2.     The plaintiff's motion for production of documents [Record No. 17] is **DENIED**, as premature.

- 3 -

3.      Chatmon's motion for leave to file an Amended Complaint [Record No. 18] is

**DENIED**, without prejudice.

This 9th day of August, 2016.

Signed By:

*__Danny C. Reeves__*  DCR

**United States District Judge**