UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CARLTON B. CHATMON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-85-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| P.A. WEST, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Until recently, Plaintiff Carlton B. Chatmon was confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky.[1] In May 2016, while still confined at that location, Chatmon filed this *pro se* civil rights proceeding, asserting constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Chatmon alleges that, in 2015, the defendants[2] refused to provide him with prescribed medical shoes and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

---

[1] Chatmon, BOP Register Bo. 04698-000, was released from federal custody on November 10, 2016. *See* https://www.bop.gov/inmateloc/ (last visited on Dec. 15, 2016). Chatmon has since notified the Clerk of the Court of his new mailing address: 4022 First Street SE, Apartment B-103, Washington, D.C. 20032. [Record No. 29]

[2] The defendants include: (1) "P.A." (presumably, "Physicians' Assistant") West, USP-McCreary; (2) "Jones," Health Services Administrator, USP-McCreary; (3) "Cimarosa," Health Services Administrator, USP-McCreary; (4) USP-McCreary; and (5) the Health Services Administration of USP-McCreary.

- 1 -

The Court conducts a preliminary review of Chatmon's Complaint because he asserts claims against government officials, and because he has been *granted in forma pauperis* status in this action. 28 U.S.C. §§ 1915(e)(2)(B); 1915A. In such cases, a district court must dismiss any action which: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.* Further, the Court liberally construes Chatmon's claims and accepts his factual allegations as true because he is proceeding without an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, Chatmon will be allowed to proceed with some of his claims, while others will be dismissed.

**I.**

Chatmon alleges that he suffers from several medical conditions, including diabetes, neuralgia, and dermatophytosis of the toe nails. He claims that his diabetic condition has caused severe foot problems and varicose veins.

Chatmon states that, in July 2015, while he was confined at USP-McCreary, an outside podiatrist prescribed special medical shoes to accommodate his various medical issues. [Record No. 1, pp. 2-3] Chatmon claims that, in disregard of the podiatrist's instructions, Defendants West, Jones, and Cimarosa refused to issue him the prescribed shoes, stating that BOP policy prevents inmates confined in the Segregated Housing Unit ("SHU") from wearing such devices. [*Id.*, p. 4][3] Chatmon alleges that, as result of the

---

[3] Chatmon submitted a Request for an Administrative Remedy demanding that he be provided with the prescribed medical shoes. However, on December 3, 2015, Warden J.C. Holland denied his remedy request, explaining that: (i) Chatmon could not wear special shoes in

- 2 -

defendants' intentional denial of the prescribed medical shoes, his foot problems worsened and he has experienced severe pain, suffering, and various adverse permanent side-effects, including but not limited to gout, chronic calluses, and deep-vein thrombosis.  [*Id*., pp. 3-5]

Chatmon seeks compensatory and punitive damages from all defendants, and from the USP-McCreary officials in their official and individual capacities.  [*Id*., p. 5]  Additionally, he seeks injunctive relief in the form of an order directing the BOP to provide him with immediate medical treatment, and instructing Defendants West, Jones, and Cimarosa "… to cease their illicit style of performance, and their atrociusness [sic] towards the plaintiff and each and every inmate that housed in this Penitentiary."  [*Id*.]  Chatmon also demands a jury trial, costs, and any other relief.

---

the SHU; (ii) on October 14, 2015, Chatmon had engaged in inappropriate conduct while attending a follow-up appointment with his medical provider, which resulted in Chatmon's return to the SHU; (iii) Chatmon was again released from the SHU on November 3, 2015; and (iv) a new appointment had been scheduled to re-evaluate his foot condition and the issuance of medical shoes.  [Record No. 21-1, p. 4 (Remedy Request, No. 843542-F1)]  Chatmon's administrative appeal activity from that point forward is confusing.

Chatmon attached an undated, typewritten appeal titled "Central Office Administrative Remedy Appeal," but the BOP Mid-Atlantic Regional Office ("MARO), **not** the BOP Central Office, stamped that appeal as "Received" on December 21, 2015.  [Record No. 21-1, p. 4]. Chatmon then attached what appears to be the same substantive appeal to the MARO dated January 25, 2016, but he hand-wrote this appeal.  [*Id*., p. 7]  In this appeal, Chatmon mentioned that he had been authorized medical shoes and been placed in the SHU, but he devoted the remainder of his appeal to various complaints about staff misconduct.  [*Id*.]  Chatmon again attached that same handwritten appeal, but this copy was received and stamped by some entity on March 18, 2016.  [*Id*., p. 8]  Chatmon again attached the same handwritten appeal, but he listed the institution as "F.D.C. Philadelphia and dated his appeal "02-16-16."  [Id. p. 5]  The BOP Administrative Remedy Section (presumably of FDC Philadelphia) stamped that appeal as "Received" on February 22, 2016.  [*Id*.]  Chatmon also attached numerous other e-mail communications complaining about deductions from his inmate account and issues related to his October 14, 2015, medical appointment.

## II.

The Court will require Defendants West, Jones, and Cimarosa, in their *individual* capacities, to respond to Chatmon's Eighth Amendment *Bivens* claims alleging deliberate indifference to his serious medical needs. The United States Marshals Service ("USMS") for the Eastern District of Kentucky will be directed to serve these defendants with the Summons, Complaint, and other necessary documents on Chatmon's behalf, in accordance with the instructions set forth below. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Chatmon's Eighth Amendment claims asserted against the individually-named defendants in their *official* capacities will be dismissed with prejudice for failure to state a claim upon which relief can be granted. A *Bivens* claim alleging a constitutional violation may not be asserted against federal officers in their official capacities. Instead, such claims may be asserted against a federal officials only in their individual capacities. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002) (federal employees sued in their official capacity are immune from suit unless sovereign immunity has been expressly waived).

Chatmon's claim seeking compensatory and punitive damages under *Bivens* from both the BOP and USP-McCreary's "Health Service Administration" will be also dismissed because these entities are immune from liability for such claims. The United States is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). Congress defines the exact terms and conditions upon which the government and its agencies may be sued and the terms of its consent define the parameters

of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Honda v. Clark*, 386 U.S. 484 (1967). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969)

Because the principle of sovereign immunity applies equally to agencies of the United States, the BOP is immune from suit in the absence of a waiver of sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). The United States has not waived sovereign immunity for itself or for any of its agencies for a *Bivens* action. *See Meyer*, 510 U.S. at 484-86; *Okoro*, 63 F. App'x at 184 (stating that a federal prisoner cannot bring a Bivens action against the BOP). Accordingly Chatmon's claim seeking money damages from both the BOP and USP-McCreary's "Health Services Administration" will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, because Chatmon has been released from federal custody, his claims seeking various forms of injunctive relief will be denied. A prisoner's claim for injunctive relief becomes moot when he or she is no longer confined at the prison where the claim allegedly arose. *Lyons v. Azam*, 58 F. App'x 85, 87 (6th Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996)); *see also Sharpe v. Patton*, No. 08-CV-58-HRW, 2010 WL 227702, at *7 (E.D. Ky. Jan. 19, 2010) (prisoner's release from custody mooted his request for injunction for release to outside medical provider for evaluation and treatment); *Easely v. Cheatham County Jail*, No. 3:09-0537, 2009 WL 2038139, at *2 (M. D. Tenn. Jul. 9, 2009) ("Given Plaintiff's release from custody, his claim for injunctive relief is moot."). Accordingly, Chatmon has failed to state a claim upon which relief can be granted regarding his demands

for injunctive relief, and those claims will be dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Carlton B. Chatmon's Eighth Amendment claims alleging deliberate indifference to his serious medical needs asserted against Physician's Assistant West, USP-McCreary; "Jones," Health Services Administrator, USP-McCreary; and "Cimarosa," Health Services Administrator, USP-McCreary, in their *official* capacities, are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court shall note on the docket sheet of this action that the *official*-capacity claims asserted against these defendants have been terminated.

2. Chatmon's Eighth Amendment claims seeking money damages from the BOP and the USP-McCreary "Health Services Administration" are **DISMISSED WITH PREJUDICE**.

3. Chatmon's Eighth Amendment claims seeking injunctive relief are **DISMISSED WITH PREJUDICE** as moot.

---

[4] Chatmon has filed numerous motions, including motions to amend his Complaint [Record No. 21] and for summary judgment [Record No. 23]. On October 20, 2016, the Court entered orders [Record Nos. 24 and 26] denying Chatmon's motions, and later denied his motion seeking reconsideration of those orders. [*See* Record No. 27.] Chatmon has filed an interlocutory appeal of the Orders denying his motion to amend and for summary judgment (*see* Record No. 30). That appeal is pending in the United States Court of Appeals for the Sixth Circuit as Case No. 16-6769.

4.      Chatmon's Eighth Amendment individual-capacity claims alleging deliberate indifference to his serious medical needs asserted against Defendants Physician's Assistant West, USP-McCreary; "Jones," Health Services Administrator, USP-McCreary; and "Cimarosa," Health Services Administrator, USP-McCreary, shall proceed. These defendants must respond to these claims in their *individual* capacities.

5.      A Deputy Clerk in the London Clerk's Office is directed to prepare a "Service Packet" for Defendants Physician's West, USP-McCreary; "Jones," Health Services Administrator, USP-McCreary; and "Cimarosa," Health Services Administrator, USP-McCreary. The Service Packets shall include:

        (a).    a completed Summons form;
        (b).    the Complaint [Record No. 1];
        (c).    this Order; and
        (d).    a completed USM Form 285.

6.      The Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky.

7.      The USMS shall serve Defendants Physician's Assistant West, USP-McCreary; "Jones," Health Services Administrator, USP-McCreary; and "Cimarosa," Health Services Administrator, USP-McCreary, by:

        (a).  Sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

        (b).  Sending a Service Packet for Defendants Physician's Assistant West, USP-McCreary; "Jones," Health Services Administrator, USP-McCreary; and "Cimarosa," Health Services Administrator, USP-McCreary, by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and

    (c).  Personally serving Defendants Physician's Assistant West, USP-McCreary; "Jones," Health Services Administrator, USP-McCreary; and "Cimarosa," Health Services Administrator, USP-McCreary, with a Service Packet through arrangement with the BOP.

  8. The USMS is responsible for ensuring that Defendants West, Jones, and Cimarosa, are successfully served with process.  In the event that an attempt at service on any or all of them is unsuccessful, the USMS shall make further attempts and shall ascertain such information as is necessary to ensure successful service of the defendants.

  9. Within 40 days of the entry of this Order, the USMS Office shall send a Service Report to the London Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to Defendants West, Jones, and Cimarosa.

    (a). If any or all of the individually named defendants are served by certified mail, the Service Report **shall** include:

      (1). a copy of the green card showing proof of service; or

      (2). a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

    (b). If either or both of the individually named defendants are personally served, the Service Report **shall** indicate:

      (1). that any or all of the defendants were successfully served, or

      (2). a statement explaining why any or all of the Defendants could not be served and what efforts are being taken to locate and accomplish personal service on either or both of them.

  10. Chatmon must immediately advise the London Clerk's Office of any change in his current mailing address.  Failure to do so may result in dismissal of this case.

11.	Chatmon must communicate with the Court solely through notices or motions filed with the London Clerk's Office. The Court will disregard correspondence sent directly to the undersigned's chambers.

12.	With every notice or motion filed with the Court, Chatmon must: (a) mail a copy to each defendant (or to his or her attorney if represented by counsel); and (b) at the end of the notice or motion, certify that he has mailed a copy to each defendant (or his or her attorney if represented by counsel) and the date on which this was done. The Court will disregard any notice or motion which does not include this certification.

13.	The Clerk of the Court shall transmit a copy of this Order to the United States Court of Appeals for the Sixth Circuit, referencing Case No. 16-6769.

This 21st day of December, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge